# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CALEB L MCGILLVARY,

Plaintiff,

v.

JESSICA HOLOM, *et al.*,

Defendants.

Civil Action No.

18-17487 (MCA) (LDW)

**MEMORANDUM OPINION AND ORDER**

### LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court is plaintiff *pro se's* Motion for Alternative Method of Service. ECF No. 3. Having considered plaintiff's submission, for the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE.**

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that defendants published a video on YouTube titled "Top 15 Scary People Accidentally on Live TV," and improperly referenced an incident in which plaintiff was involved that is currently the subject of criminal proceedings. ECF No. 1. Plaintiff claims that the implication in this video "impugns [his] character," has caused impairment to his "reputation and standing in the community," and has prejudiced him in the criminal proceeding. *Id.* Plaintiff seeks damages and an injunction requiring defendants to permanently remove the video from the internet. *Id.*

On December 28, 2018, the Valley County Sheriff's Office attempted to personally serve defendant Jessica Holom at her residence in Montana. ECF No. 3-2 pp. 5-7. The Deputy was informed that defendant had moved out of the country to Algeria, and later that day, defendant Holom called the Sherriff's Office stating the same. *Id.* Plaintiff now moves for leave to serve the Summons and Complaint on Holom by alternative means. ECF No. 3. Specifically, plaintiff

seeks to serve Holom by Facebook, and the John Doe defendants "Chills" and the "Benson Brother" by Facebook, Twitter, and YouTube. *Id.*

## II.    DISCUSSION

For the reasons set forth below, the plaintiff's motion for alternative service is denied without prejudice. The Court assesses plaintiff's motion as to Jessica Holom under the purview of Federal Rule of Civil Procedure 4(f), governing service of process on foreign defendants, as plaintiff has recently learned that defendant Holom is residing in Algeria. As to the John Doe defendants, however, the Court does not assess the motion under Rule 4, as it cannot permit service on an unnamed defendant. *See Nadal v. Christie*, Civ. No. 13-5447 (RBK), 2014 U.S. Dist. LEXIS 84915, at *29 n.5 (D.N.J. June 20, 2019). Plaintiff must identify and attempt to serve the John Doe defendants before the Court may consider granting a motion for alternative service.

### A. Legal Standard

Federal Rule of Civil Procedure 4(f) governs service of process on defendants in foreign countries and sets forth three methods for service: (1) under the Hague Convention or other international agreement; (2) in the absence of limitations under an international agreement, as a foreign country's law prescribes or permits or as directed by a foreign authority; or (3) by other alternative means not prohibited by international agreement, as directed by the Court. Where, as here, the nation where defendant resides, Algeria, is not a signatory to the Hague Convention, and where plaintiff has not made any request to serve defendant in accordance with Algerian law, the Court assesses whether plaintiff may serve defendant under Rule 4(f)(3).

Courts may grant motions for alternative service when the movant has shown that there is no international agreement prohibiting service by the proposed method and that the proposed method of service is reasonably calculated to provide the defendant with notice. *Bravetti v. Liu*, Civ. No. 12-7492 (TJB), 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013); *SEC v. Dubovoy*, Civ.

2

No. 15-6076 (MAH), 2016 WL 7217607, at *2-3 (D.N.J. Dec. 13, 2016); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding method of service must be reasonably calculated to provide notice under all circumstances).

### B. Analysis

Here, plaintiff seeks to serve defendant Holom via Facebook pursuant to Rule 4(f)(3). The Court considers whether this would be prohibited by international agreement and whether service by such means would be reasonably calculated to provide notice to defendant.

Plaintiff has not shown that sending defendant Holom the Summons and Complaint via her Facebook account would be reasonably calculated to provide actual notice, and thus the Court need not address whether such service would be prohibited by international agreement. Plaintiff has provided no proof that the Facebook account he seeks to serve belongs to defendant Holom, that the account is active, or that defendant actually receives the messages sent to the account. Accordingly, plaintiff's motion is denied without prejudice to a further showing by plaintiff that such service would provide defendant with actual notice of the suit, and that it is not prohibited by applicable law.[1]

### III. CONCLUSION

For the reasons stated above, plaintiff's Motion for Alternative Service is **DENIED WITHOUT PREJUDICE.** The Clerk of Court shall terminate the motion at ECF No. 3.

Dated: May 15, 2019

Leda D. Wettre
**Leda Dunn Wettre**
**United States Magistrate Judge**

---

[1] The Court would consider a request from plaintiff seeking to conduct pre-service discovery to identify a form of service reasonably calculated to provide actual notice to defendant Holom and to discover the John Doe defendants' true identities.

3